# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class DEONTRAY D. COLEMAN**
**United States Army, Appellant**

ARMY 20170013

Headquarters, 1st Cavalry Division (Rear) (Provisional)
Jacob D. Bashore, Military Judge
Lieutenant Colonel Scott E. Linger, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Julie L. Borchers, JA; Captain Zachary A. Szilagyi, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Captain Meredith M. Picard, JA; Captain Jessika M. Newsome, JA (on brief).

5 October 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

FLEMING, Judge:

In this appeal, we provide appellant relief by dismissing, as recommended by the military judge, one specification of failure to obey an order.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of failure to go to his place of duty, two specifications of disrespect toward a superior commissioned officer, one specification of insubordinate conduct toward a noncommissioned officer, and one specification of failure to obey an order, in violation of Articles 86, 89, 91 and 92, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 886, 889, 891, and 892 (2012). The military judge convicted appellant, contrary to his pleas, of one specification of attempted unpremeditated murder, one specification of failure to obey an order, and two specifications of willfully discharging a firearm under circumstances to endanger human life, in violation of Articles 80, 92, and 134, UCMJ, 10 U.S.C. §§ 880, 892, and 934. The convening authority approved the

adjudged sentence of a dishonorable discharge, ten years and eight months confinement, and a reduction to the grade of E-1. Appellant was credited with two hundred and fifty-five days of confinement against the sentence to confinement.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error which do not warrant discussion or relief. Appellant personally raises three matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which warrants discussion and relief.

## BACKGROUND

The military judge convicted appellant, contrary to his pleas, of disobeying an order from his First Sergeant (1SG) not to leave a building (Specification 2 of Charge V).

Appellant's 1SG testified appellant was having emotional issues during a counseling session with his company commander. Prior to the counseling session, appellant expressed a desire to go to the hospital to receive behavioral health assistance. In the middle of the counseling session, 1SG took appellant to a separate conference room so appellant could calm down. While talking to the 1SG, appellant expressed a desire to see a mental health doctor. After appellant expressed this desire, he attempted to leave the conference room. Appellant's 1SG ordered appellant not to leave the building, but appellant departed and went to the hospital for mental health assistance.

Immediately after announcing findings, the military judge stated "[t]o the extent that the convening authority or any other authority has the authority to dismiss Specification 2 of Charge V, I recommend that such authority dismiss Specification 2 of Charge V." The military judge did not provide a reason for his recommendation.

During the post-trial phase, the staff judge advocate's recommendation (SJAR) to the convening authority did not mention the military judge's recommendation to dismiss Specification 2 of Charge V. Appellant's submission under Rules for Courts-Martial 1105 and 1106 references the military judge's recommendation and requests the convening authority to dismiss the specification. The staff judge advocate's addendum to the SJAR states "Defense Counsel requests . . . you dismiss Specification 2 of Charge V," but fails to state the military judge recommended dismissal of the specification.

On the basis of this record, where the military judge, the finder-of-fact, recommended the dismissal of a specification and the government failed in writing twice to notify the convening authority of the military judge's recommendation, we exercise our authority under Article 66(c), UCMJ to dismiss the specification.

## CONCLUSION

On consideration of the entire record, the finding of guilty of Specification 2 of Charge V, failure to obey an order, in violation of Article 92, UCMJ, is SET ASIDE and that specification is DISMISSED. The remaining findings of guilty are AFFIRMED.

We reassess the sentence in accordance with the principles of *United States v. Wincklemann*, 73 M.J. 11 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). We are confident the military judge would have adjudged a sentence at least as severe as the approved sentence absent the error. An attempted unpremeditated murder conviction alone carries a maximum sentence of a dishonorable discharge, confinement for life with the eligibility of parole, and reduction to E-1. The maximum punishment for Specification 2 of Charge IV is a bad-conduct discharge, six months of confinement, and reduction to E-1. In light of the sentence received and the gravamen of the remaining offenses of which appellant was convicted, we AFFIRM the approved sentence. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 58b(c) and 75(a).

Senior Judge BURTON and Judge HAGLER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court